**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lionel VALENZUELA–CARRANZA, Defendants–Appellants.**

**No. 09–50475.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2010.

Filed Feb. 15, 2011.

Lawrence E. Spong, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent James Brunkow, Esquire, Assistant Appellate Supervisor, Steven Francis Hubachek, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendants–Appellants.

Before: SCHROEDER and TALLMAN, Circuit Judges, and

JARVEY, District Judge.*

### MEMORANDUM **

Lionel Valenzuela–Carranza appeals his jury conviction for attempting to enter the United States without consent after being removed, in violation of 8 U.S.C. § 1326. He also challenges the reasonableness of his sentence.

The evidence demonstrated that Valenzuela–Carranza had the requisite intent required for a conviction under 8 U.S.C. § 1326 because he attempted to reenter at the San Ysidro, California, Port of Entry without first obtaining the Attorney General's permission. 8 U.S.C. § 1326.

The district court adequately considered and explained Valenzuela–Carranza's sentence. It heard arguments from the parties regarding a downward variance from the Sentencing Guidelines range and explicitly considered the factors in 18 U.S.C. § 3553(a). The Court stated that the sentence imposed was sufficient but not greater than necessary to accomplish the goals of sentencing. *See Rita v. United States,* 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). There is no heightened obligation to explain a sentence enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Also, Valenzuela–Carranza's conviction for spousal abuse under California Penal Code section 273.5 qualifies as a crime of violence for purposes of the Guidelines section. *United States v. Laurico-Yeno,* 590 F.3d 818, 820 (9th Cir. 2009), *cert. denied,* —— U.S. ——, 131 S.Ct. 216, 178 L.Ed.2d 130 (2010).

The within-Guidelines sentence was substantively reasonable. The district court considered the staleness of Valenzuela–Carranza's prior conviction but noted his more recent criminal history, including a crime of violence to a spouse or cohabitant. The case is, therefore, unlike *United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1056 (9th Cir.2009), *reh'g en banc denied,* 586 F.3d 1176 (9th Cir.2009), where the district judge did not adequately consider the staleness of the defendant's twenty-five-year-old conviction.

Finally, *Almendarez–Torres v. United States,* 523 U.S. 224, 237, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled by *Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 2302, 174 L.Ed.2d 22 (2009); *United States v. Valdovinos-Mendez,* No. 09–50532, —— F.3d ——, 2011 WL 1485268 (9th Cir.2011.) Therefore, Valenzuela–Carranza's prior conviction did not have to be proven to a jury beyond a reasonable doubt to result in an increased maximum punishment under § 1326(b).

**AFFIRMED.**

---

* The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.